UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LAUDERDALE MICHELLE,

        Plaintiff,

   v.

SMITH WENDELL, et al.,

        Defendants.

Case No. 1:19-cv-324

Black, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

On May 1, 2019, Plaintiff moved for leave to file a complaint *in forma pauperis*, or without payment of the requisite filing fee that is ordinarily required to file a case in this Court. (Doc. 1). Attached to the motion pertaining to the above-captioned case is a copy of a proposed complaint. (Doc. 1-1).

**I. General Screening Authority Under 28 U.S.C. § 1915**

Plaintiff's complaint is now before the Court for a *sua sponte* review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.

*Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010)("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

Plaintiff identifies two Defendants as "Smith Wendell et. Student Financial Services," both of which appear to be associated with Southern New Hampshire University.[1] In pertinent part, Plaintiff alleges as follows:

> Smith Wendell, who is my Humanities professor has been harassing me through email. I am an online student at the Southern New Hampshire University. The instructor asked me for my number which is not a right thing to do because there is another professor at this school who told me that it's not the right thing to ask for a student's number, that it's not right to communicate with a student by phone because there is another way of communication which is by email. Now the Financial Aid Office at the school is trying their best to rusticate me from school, withdraw me from school. They have already collected my school's fee from FAFSA for one semester (4 months). Now they are asking me for invalid, irrelevant documents that should've been asked before my enrollment acceptance in their school.

(Doc. 1-1 at 3).

The complaint proceeds to explain the relief sought by Plaintiff as follows:

> I want the court to do some research about the school. I want the court to look at school's reviews because there are a lot of victims of school's scam system that didn't get justice. I want them to appear at the court to explain theirself [sic] on my case. The school needs to look at their own review to realize how many lives they have destroyed and the impact on people's health especially me and my sister. If there's another victim out there the court needs to make sure they loose [sic] their school's accreditation.

(*Id.* at 4).

Plaintiff does not state the basis for subject matter jurisdiction. Plaintiff's allegations also fail to include sufficient factual content to state any plausible claim for relief under the referenced *Iqbal* standards.

Therefore, the undersigned recommends dismissal of this lawsuit for failure to state a claim and for lack of federal jurisdiction. This Court is unable to discern any basis

---

[1] Southern New Hampshire University is identified as an additional Defendant on Plaintiff's application to proceed in forma pauperis, but not on the complaint itself.

for federal question jurisdiction.  *See* 28 U.S.C. § 1331 (authorizing jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States").  In addition, Plaintiff has failed to allege the existence of the requisite amount in controversy, leaving the Court without any arguable basis for jurisdiction under 28 U.S.C. § 1332(a)(1).  Last but not least, the type of prosecutorial and/or investigatory relief that Plaintiff seeks cannot be granted by this Court, nor would this Court have authority to revoke any type of accreditation in the context of this private civil suit.

### III. Conclusion and Recommendation:

For the reasons stated, **IT IS RECOMMENDED THAT** this case be **DISMISSED** for failure to state any claim, and for lack of subject matter jurisdiction.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| LAUDERDALE MICHELLE, | Case No. 1:19-cv-324 |
| Plaintiff, | Black, J. |
| | Bowman, M.J. |
| v. | |
| SMITH WENDELL, et al., | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).